# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

ECONOMY STONE MIDSTREAM FUEL,　　*　　CASE NO.: 4:08-cv-127-SA-DAS
L.L.C.　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
VERSUS　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
M/V A.M. THOMPSON, her tackle, furniture,　*
apparel, etc. *in rem*　　　　　　　　　　*
*　　*　　*　　*　　*　　*　　*　　*

## <u>ORDER FOR INTERLOCUTORY SALE</u>

Upon review of the plaintiff's motion and memorandum in support of interlocutory sale

of the M/V A.M. THOMPSON, Official Number 257293, her tackle, furniture, apparel, etc. *in*

*rem*, and upon determination that the conditions for an interlocutory sale as set forth in

Supplemental Admiralty Rule E(9)(b) exist, and in accordance with the Amended Order issued

by this Court on January 14, 2009,

IT IS, THEREFORE, ORDERED:

1)　　　That pursuant to Supplemental Rule E(9)(b) and the Local Admiralty Rules of

Court, the United States Marshal for the Northern District of Mississippi be, and hereby is

authorized and directed to sell the M/V A.M. THOMPSON, Official Number 257293, located at

Superior Boat Works in Greenville, Mississippi, which was properly seized on September 26,

2008, through a public auction by the U. S. Marshal, to take place on March 11, 2009 at 10:00

a.m., to the highest bidder, above the fixed price as indicated below, free of all liens and pre-existing claims against the vessel.

      2)     That the minimum sale price be fixed in the amount of $2,000,000.00.

      3)     That notice of sale of the vessel be published in *The Delta Democrat Times* three times per week for two consecutive weeks, with the last publication not more than twenty days nor less than five days before the date of the sale as set forth in Local Admiralty Rule A.1 (J), according to the following schedule:

      (a) Week one – February 16, 19, and 21, 2009;

      (b) Week two – February 22, 25, and 28, 2009;

      (c) Sale date – March 11, 2009.

Additionally, notices of sale, in accordance with this court's amended order filed January 14, 2009, will be published in the following trade journals and according to the following schedule:

      (d) Boats & Harbors – 4 issues on or about January 30, February 10 and 20, and March 1, 2009;

      (e) The Waterways Journal – 3 issues on or about February 9 and 23, and March 9, 2009.

      4)     That the U.S. Marshal is authorized to accept a deposit in the amount of ten percent (10%) of the amount bid for the vessel by the successful bidder to be paid by certified check or cashier's check drawn on a local bank, upon the decision that the balance of the bid is paid on the date that the sale is confirmed by the Court and within ten days of the adjudication or dismissal of any opposition which may have been filed, and upon condition that the deposit shall be forfeited by the bidder and applied to the cost of this action, if the balance of the bid is not paid when due.  If the sale should not be confirmed, the U.S. Marshal shall return the deposit to the highest bidder immediately after rejection of the bid by the Court.

5)      That Business First Bank is authorized to credit bid as much as **$1,267,299.35** of its alleged preferred ship mortgage.  If the Bank is the highest bidder, it need not make any payment by cash or certified check at the time of the auction unless its bid shall exceed the amount of **$1,267,299.35**.  Instead, it shall before the confirmation of the sale file a stipulation in a form acceptable to the Court for the sum in the amount of its credit bid.  The condition of the stipulation will be that the Bank pay the costs, *custodia legis* expenses, and lien claims, adjudged to be senior in priority to the Bank's lien.  If the Bank's bid exceeds **$1,267,299.35**, it shall be required to deposit 10% of any amount bid in excess of the aforementioned amount at the time of sale by certified check or cashier's check, to be drawn on a local bank.  The balance of the amount of the bid in excess of **$1,267,299.35** shall be paid within ten (10) days after confirmation of the sale.

6)      Should a potential buyer request to view the vessel in person, the plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability arising thereupon.

7)      The U.S. Marshal is authorized to receive the necessary advances to carry out the sale while the vessel is in Superior Boat Works' custody.

8)      The U.S. Marshal shall bring the proceeds to such sale into the registry of the Court, and deposit the same with the Clerk pending final disposition of all claims and actions filed subject to confirmation of the sale.

9)      Subject to final confirmation of the sale:

(a) Unpaid charges taxed to the U.S. Marshal, including charges for conducting the sale, shall be satisfied out of the sale proceeds.

(b) All remaining proceeds of the sale of the A.M. THOMPSON be deposited in the registry of this Court and placed in an interest bearing account pending further disposition of Civil Action No. 4:08-cv-127-SA-DAS.

10)     The sale will be conducted pursuant to Local Admiralty Rules.

11)     The purchaser will be and shall remain a citizen of the United States as defined by the Shipping Act, amended and codified at 46 U.S.C. 50501 and any and all successor statutes, and any and all regulations promulgated under any thereof, and qualified under applicable law to engage in the coastwise trade of the United States, or, if not, the purchaser will within such time allowed by the Court obtain consent and approval from the United States Department of Transportation, Maritime Administration for the sale of the vessel, and the purchaser shall bear all expenses, including any insurance costs, pending further orders of the Court.

SO ORDERED, this 2nd day of February, 2009.


David A. Sanders_____
U.S. MAGISTRATE JUDGE