**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ECONOMY STONE MIDSTREAM
FUEL, LLC**                                                                                    **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 4:08-CV-127-SA-DAS**

**M/V A.M. THOMPSON**                                                                          **DEFENDANT**

**ORDER**

Before the court is Defendant James S. Coleman's motion to dismiss the Complaint of Intervenor Plaintiff Ergon Marine & Industrial Supply, Inc. (Ergon) [86]. Coleman alleges that he was never served with process in this matter, and, therefore, Ergon's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

Rule 4(m) provides that a defendant must be served within one hundred twenty (120) days after the complaint is filed. FED. R. CIV. P. 4(m).

Service may be made upon an individual within a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally." FED. R. CIV. P. 4(e)(2)(A).

Federal Rule of Civil Procedure 4(l)(1) provides that "proof of service must be made to the court," and "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P. 4(l)(1).

"When service of process is challenged, the serving party bears the burden of proving its validity." Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Ergon's intervenor complaint was filed on October 31, 2008 [14]. On December 22, 2008, Ergon filed its Return of Service [59]. In the Return of Service, the process server declares, under

penalty of perjury, that on December 6, 2008, he personally served the Defendant, James S. Coleman, at 99 Oakdale Road, Roslyn Heights, New York. The Return of Service is signed by the process server and notarized.

Ergon has provided the proof required by Rule 4(l)(1), in the form of the Return of Service. Rule 4(l)(1) requires an affidavit from the server. Fed. R. Civ. P. 4(l)(1). Coleman fails to address the Return of Service in his motion. In fact, he offers no evidence to rebut the sworn statement of the process server, other than the mere allegation that process was not served. "But a mere allegation by [D]efendant that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service." 1-4 MOORE'S FEDERAL PRACTICE - CIVIL § 4.100. Further, the date of service fell well within the time period prescribed by Rule 4(m).

Therefore, since Ergon has provided the proof of service required by the Federal Rules of Civil Procedure, and Coleman has failed to offer any substantial evidence rebutting that proof, Coleman's motion to dismiss for insufficient service of process is **DENIED**.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**