**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| ECONOMY STONE MIDSTREAM FUEL, L.L.C. | * * * | CASE NO.: 4:08-cv-127-SA-DAS |
| VERSUS | * * | |
| M/V A.M. THOMPSON, her tackle, furniture, apparel, etc. in rem | * * | |

\* \* \* \* \* \* \* \*

## ORDER FOR INTERLOCUTORY SALE

The court having conducted a telephonic case management conference this date and being informed by counsel for the parties that the previous court ordered sale of the M/V A.M. THOMPSON, Official Number 257293, her tackle, furniture, apparel, etc., was unsuccessful, and that the parties are in agreement that the conditions necessitating interlocutory sale still exist and that time is of the essence,

**IT IS, THEREFORE, ORDERED:**

1. That pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims and the Local Admiralty Rules of Court, the United States Marshal for the Northern District of Mississippi be, and hereby is authorized and directed to sell the M/V A.M. THOMPSON, Official Number 257293, located at Superior Boat Works in Greenville, Mississippi, which was properly seized on September 26, 2008, through a public auction by the U. S. Marshal, to take place on May 11, 2009, at 10:00 a.m., to the highest bidder, free of all liens and pre-existing claims against the vessel.

2. That notice of sale of the vessel be published in The Delta Democrat Times three times per week for two consecutive weeks, with the last publication not more than twenty days nor less than five days before the date of the sale as set forth in Local Admiralty Rule A.1(J),

according to the following schedule:

        (a)       Week one - April 20, 22, and 24, 2009;

        (b)       Week two - April 26, 29, and May 1, 2009;

        (c)       Sale date - May 11, 2009.

3. That additionally, notices of sale will be published in trade journals as follows:

        (a)       Waterways – April 20 and May 4;

        (b)       B&H – April 19 and 29.

4. That the U.S. Marshal is authorized to accept a deposit in the amount of ten percent (10%) of the amount bid for the vessel by the successful bidder to be paid by certified check or cashier's check drawn on a local bank, upon the decision that the balance of the bid is paid on the date that the sale is confirmed by the court and within ten days of the adjudication or dismissal of any opposition which may have been filed, and upon condition that the deposit shall be forfeited by the bidder and applied to the cost of this action, if the balance of the bid is not paid when due. If the sale should not be confirmed, the U.S. Marshal shall return the deposit to the highest bidder immediately after rejection of the bid by the court.

5. That Business First Bank shall be allowed to credit bid at the sale up to the value of its claim only on the condition that it shall be obligated to pay any and all claims senior in priority to its mortgage.

6. That should a potential buyer request to view the vessel in person, the plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability arising thereupon.

7. That the U.S. Marshal shall bring the proceeds to such sale into the registry of the court, and deposit the same with the Clerk pending final disposition of all claims and actions filed subject to confirmation of the sale.

8. That subject to final confirmation of the sale:

    a. Unpaid charges taxed to the U.S. Marshal, including charges for conducting the sale, shall be satisfied out of the sale proceeds.

    b. All remaining proceeds of the sale of the A.M. THOMPSON be deposited in the registry of this court and placed in an interest bearing account pending further disposition of Civil Action No. 4:08-cv-127-SA-DAS.

9. That the sale will be conducted pursuant to Local Admiralty Rules.

10. That the purchaser will be and shall remain a citizen of the United States as defined by the Shipping Act, amended and codified at 46 U.S.C. 50501 and any and all successor statutes, and any and all regulations promulgated under any thereof, and qualified under applicable law to engage in the coastwise trade of the United States, or, if not, the purchaser will within such time allowed by the court obtain consent and approval from the United States Department of Transportation, Maritime Administration for the sale of the vessel, and the purchaser shall bear all expenses, including any insurance costs, pending further orders of the court.

11. **That on or before May 18, 2009, the parties shall email to the court brief and concise reports regarding the status of the vessel.**

**SO ORDERED** this 14th day of April, 2009.

                                                  /s/ David A. Sanders
                                                  U.S. MAGISTRATE JUDGE