IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ECONOMY STONE MIDSTREAM FUEL, L.L.C.

VS.                                                        CIVIL ACTION NO. 4:08CV127-SA-DAS

M/V A.M. THOMPSON, her tackle,
Furniture, apparel, etc., *in rem*

**ORDER**

This matter is before the court on motion of Business First Bank to require the plaintiff to reimburse it for insurance costs (# 89). Also before the court is the motion of Business First Bank to require all parties to reimburse it for laborers' costs (# 90). After considering the motions and responses thereto, the court finds as follows:

**1. Insurance Costs**

With its first motion, Business First Bank (Business First) refers to Local Admiralty Rule A.1(C) that provides in part: "[I]t is the plaintiff's responsibility to assure that there is sufficient coverage for the vessel while in the possession of a consent keeper or substitute guardian." It is undisputed that the plaintiff in the present case made certain the custodian of the M/V AM Thompson, Superior Boat Works, held insurance covering the vessel. Business First argues, however, that the policy held by Superior is insufficient. Also, Business First has held a port-risk policy on the vessel since approximately December 5, 2008 obtained apparently after the defendant mortgagor allowed its policy to lapse. Because it contends the policy for which the plaintiff is responsible is insufficient, Business First argues its insurance policy benefits all claimants and should thus be considered a *custodia legis* expense. The court does not agree.

As all parties point out, an entity furnishing goods or services to a vessel after its arrest (in *custodia legis*) does not acquire a maritime lien against the vessel for the value of those goods

or services. A district court sitting in admiralty, however, has inherent equitable power to give priority to claims arising out of the administration of property within its jurisdiction where "equity and good conscience" so require. *New York Dock Co. v. Steamship Poznan*, 274 U.S. 117, 122 (1927). The *Poznan* Court went on to hold that if the expenditure inures to the benefit of all claimants, it can be legitimately claimed as an administrative expense. *Poznan*, 274 U.S. at 120-21. In the present case, it is clear that the port-risk policy obtained by Business First does not inure to the benefit of all claimants. As in the *Valiant Power* decision cited by the plaintiff, the policy taken in the present case was taken without the knowledge and consent of the Marshal, and the Marshal was not a named payee thereunder. *Moon Engineering Co. v. The S.S. Valiant Power, et al.*, 193 F. Supp. 460, 461 (E.D. Va. 1960). It is also obvious here that Business First obtained the insurance for the purpose of protecting its mortgage on the vessel. While Business First now suggests it will amend its policy to name the Marshal as a loss payee under the policy, the present motion is one to reimburse payments made when the only loss payee was Business First. An amendment at this point would have no effect on whether the plaintiff should be ordered to reimburse Business First for payments made when it alone was the loss payee. Accordingly, Business First's motion to require the plaintiff to reimburse it for insurance costs will be denied.[1]

## 2. Laborers' Costs

As to the laborers' costs, Business First explains it has paid laborers $12,215 as of the date of its motion to monitor and maintain the pumping of the AM Thompson. The vessel

---

[1] The court notes its decision was based on a finding that the policy taken by Business First did not inure to the benefit of all claimants. Consequently, the court did not determine whether the policy held by Superior is sufficient. If a claimant can show the Superior policy is not sufficient, the court will consider a motion to approve in advance premiums to be paid on an additional policy that could be shown to benefit all claimants.

2

sustained damage to its hull prior to the commencement of the present action, and it is undisputed that should the pumping stop, the AM Thompson will sink. While the other claimant's object, no claimant contends keeping the vessel afloat does not inure to the benefit of all concerned. As with the insurance expenses discussed *supra*, Business First has been paying these laborer's without first obtaining the consent of the court, but this is not absolutely required. *See General Elec. Credit & Leasing Corp.*, 668 F.2d 811, 815 (5th Cir. 1982). That is not to say, of course, that any claimant should make future expenditures without first appealing to the court. It is to say only that the court appreciates that a leaking vessel certainly needed immediate attention.

Because keeping the AM Thompson afloat clearly benefits all claimants, the court finds the laborer's costs to be administrative expenses, and equity and good conscience thus require all claimants to reimburse Business First their portion of those expenses. Accordingly, Business First's motion to require reimbursement for the laborers' costs will be granted. Business First will handle all invoices in the manner prescribed for the plaintiff in the court's January 13 order.

IT IS THEREFORE ORDERED that Business First Bank's motion to require the plaintiff to reimburse it for insurance costs (# 89) is hereby DENIED.

IT IS FURTHER ORDERED that Business First Bank's motion to require all parties to reimburse it for laborers' costs (# 90) is hereby GRANTED.

SO ORDERED, this the 16th day of April 2009.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE