**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ECONOMY STONE MIDSTREAM
FUEL, LLC, et al.**                                                                          **PLAINTIFFS**

**V.**                                                     **CIVIL ACTION NO. 4:08-CV-127-SA-DAS**

**M/V A.M. THOMPSON, et al.**                                                        **DEFENDANTS**


**MEMORANDUM OPINION**

Before the Court is Ergon Marine & Industrial Supply, Inc.'s (Ergon) Motion for Default Judgment [110]. For the reasons stated below, the motion is granted as to Defendants Fein and Eagle Marine. The Court declines to consider the motion with respect to Defendant Coleman until Coleman's pending motion [132] has been fully briefed and adjudicated.

**I. BACKGROUND**

On October 31, 2008, Ergon filed its Intervenor Complaint, joining claims against Defendants Eagle Marine Towing, Inc. (Eagle Marine), James S. Coleman, and Alan J. Fein to the underlying maritime lien action [14]. Ergon alleged that it provided necessaries to the M/V A.M. Thompson (the Vessel) and that Defendants Eagle Marine, Coleman, and Fein are liable for the debt incurred upon provision of the necessaries.

Ergon specifically alleged that authorized representatives from Eagle Marine ordered the necessaries. Ergon further alleged that Coleman and Fein signed Personal Guaranty Agreements in which each obligated himself for the amount owed by Eagle Marine. Ergon attached copies of the invoices sent to Eagle Marine and copies of the guaranties.

Fein was served with process on November 25, 2008, and Eagle Marine was served on November 26, 2008 [59].

On January 7, 2009, Ergon filed its Motions for Entry of Default [74, 75, 76] against all Defendants. On January 8, 2009, the clerk entered defaults against Fein, Coleman, and Eagle Marine [77, 78, 79]. On March 18, 2009, Ergon filed its Motion for Default Judgment as to Eagle Marine, Coleman, and Fein [110]. Ergon later supplemented its Motion for Default Judgment with an updated summary of interest accrued, attorneys' fees, and expenses with regard to the underlying debt. [131].

## II. DISCUSSION

Default judgments are generally disfavored. Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). Federal courts universally favor a trial on the merits of a case. In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992). However, the Federal Rules of Civil Procedure contain a two-part procedure for the Court to follow when considering the entry of a default judgment. First, upon a proper showing that a party has failed to plead or otherwise defend a case brought against him, the clerk of the court is required to enter a default. FED. R. CIV. P. 55(a). The default functions as an admission of the Plaintiff's well-pleaded allegations of fact. Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

After a default is entered, "[i]f the plaintiff's claim is for a sum certain, or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against" the defaulted defendant. FED. R. CIV. P. 55(b)(1). However, "[i]n all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). "The court may conduct hearings or make referrals" if it deems further investigation necessary. Id. Once the procedural requirements for a default judgment have been met, the Court evaluates the plaintiff's Complaint to confirm that "there [is] a sufficient

2

basis in the pleadings for the judgment." Nishimatsu Const. Co., Ltd., 515 F.2d at 1206.

Ergon served both Eagle Marine and Fein with process and provided them with notice of its intent to pursue a default judgment. However, neither Eagle Marine nor Fein have responded to Ergon's Motion for Default Judgment or filed any pleading in this matter. Therefore, if Ergon's Complaint provides a sufficient basis for the relief it seeks against Eagle Marine and Fein, the Court must enter a default judgment.

In its Complaint, Ergon alleged that authorized representatives from Eagle Marine ordered necessaries from Ergon, and that Fein signed a Personal Guaranty Agreement in which he guaranteed Eagle Marine's debt. In support of its claims, Ergon attached copies of invoices sent to Eagle Marine, dated May 23, 2008, through August 15, 2008. Ergon also provided a copy of the personal guaranty agreement entered by Fein. The allegations and documents within Ergon's Complaint are sufficient to support entry of default judgment against Eagle Marine and Fein. Therefore, the Court grants Ergon's Motion for Default Judgment with respect to Defendants Eagle Marine and Fein.

In its Supplement to the Motion for Default Judgment, Ergon requests an award of $649,101.10. The amount includes: $515,146.92 of unpaid invoices for the provision of necessaries; $39,782.97 of interest accrued through July 17, 2009, at the rate of 8% per annum; and $94,171.21 in attorney's fees, legal expenses, and court costs incurred by Ergon through June 30, 2009.

Based on the well-pled allegations of the Complaint and the documents attached thereto, the Court awards Ergon $515,146.92 for the primary debt at issue in this case.

Ergon also seeks pre-judgment interest at the rate of 8% percent per annum. "[I]n maritime cases the award of prejudgment interest is the rule, rather than the exception, and the trial court has

discretion to deny prejudgment interest only where peculiar circumstances would make such an award inequitable." Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp., 71 F.3d 198, 204 (5th Cir. 1995). Prejudgment interest is typically awarded from the date of loss. Reeled Tubing, Inc. v. M/V Chad G, 794 F.2d 1026, 1028 (5th Cir. 1986). The rate of pre-judgment interest is within this Court's broad discretion. Id. at 1029. Ergon has requested pre-judgment interest at a rate of 8% per annum. This Court has previously allowed a prejudgment interest rate of 8% per annum and believes it to be an equitable rate in this case. Arkansas Valley Dredging Co. v. Magnolia Marine Transp. Co., 469 F. Supp. 179, 187 (N.D. Miss. 1979). As demonstrated in Exhibit 2 to Ergon's Motion for Default Judgment [110-3], if calculated at a rate of 8% per annum, $5,345.75 in interest accrued on the subject debt through August 15, 2008, the date Eagle Marine placed its final order. Since that date, $112.91 of interest has accrued daily.[1] Therefore, the Court awards Ergon $47,760.93 in pre-judgment interest.[2]

Ergon also requests attorney's fees, expenses, and costs totaling $94,171.21 through June 30, 2009. As a general rule, prevailing parties in maritime disputes are not entitled to attorney's fees. Onebeacon Am. Ins. Co. v. Turner, 204 Fed. Appx. 383, 385-86 (5th Cir. 2006). Therefore, with respect to Ergon's claim against Eagle Marine, the Court can not award attorneys' fees and costs of litigation. An enforceable contract with a provision for attorneys' fees and costs of litigation creates an exception to the general rule, though. Id. at 385. Ergon's contract with Fein contains a provision that Fein, as guarantor, must reimburse Ergon for all expenses incurred in the enforcement of the contract, including legal expenses, court costs, and reasonable attorneys' fees.

---

[1] ($515,146.92)(0.08) / (365) = $112.91

[2] ($112.91)(423 days) = $47,760.93

Therefore, an award of attorneys' fees, expenses, and costs - with respect to Ergon's claim against Fein - is appropriate. As support for its demand for $94,171.21 in fees and expenses of collection through June 30, 2009, Ergon has submitted an affidavit from its counsel and detailed statements. The documents submitted by Ergon are sufficient to establish the reasonableness of the fees, costs, and expenses. Fidelity & Deposit Co. of Maryland v. Williams, 2006 U.S. Dist. LEXIS 67038, *4 (N.D. Miss. Sep. 15, 2006). However, Ergon has not distinguished between the portion of fees, costs, and expenses attributable to enforcement of the personal guaranty agreement against Fein and the portion attributable to collecting from Eagle Marine. Therefore, the Court awards Ergon its fees, expenses, and costs related to the enforcement of the personal guaranty agreement entered into by Fein, but is unable at this time to determine the appropriate amount. The Court orders Ergon to provide a supplemental brief on the issue within ten (10) days of the entry of this opinion.

Finally, Ergon requests post-judgment interest in the amount of 8% per annum, but the amount of post-judgment interest to be awarded on any money judgment recovered in a civil case before this Court is set by statute. See 28 U.S.C. § 1961. Therefore, the Court awards post-judgment interest in the amount of 0.38% per annum.

## III. CONCLUSION

For the reasons stated above, the Court grants Ergon's Motion for Default Judgment as to Defendants Eagle Marine and Fein. The Court awards Ergon $515,146.92, for the debt underlying this action; $47,760.93 in pre-judgment interest; post-judgment interest to be calculated at the rate of 0.38% per annum; and an amount in attorneys' fees, costs, and expenses to be determined at a later date.

Eagle Marine and Fein are jointly and severally liable for a judgment of $562,907.85, and

post-judgment interest in the amount of 0.38% per annum. Additionally, Fein is liable for reasonable attorneys' fees, costs, and expenses to be determined by the Court at a later date. The Court declines to consider Ergon's Motion for Default Judgment as it applies to Defendant Coleman, pending resolution of his Motion to Contest [132].

Ergon shall file its supplemental brief regarding fees, costs, and expenses within ten (10) days of the entry of the order accompanying this opinion - by Tuesday, October 27, 2009.

A separate order consistent with this opinion shall be entered on this the 13th day of October, 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**